POLLITZ *v.* FARMERS' LOAN & TRUST Co. *et al.*

*(Circuit Court, S. D. New York.* February 18, 1889.)

FEDERAL COURTS—SERVICE ON NON-RESIDENT DEFENDANTS.

Act Cong. 1875, § 8, provides that when in any suit, commenced in any federal circuit court, to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought, one or more defendants are non-residents or cannot be found therein, or do not voluntarily appear, the court may make an order directing the absent defendants to appear. etc. Act 1887, amending the act of 1875, provides that "nothing in this act shall be held. deemed, or construed to repeal or affect any jurisdiction or right * * * mentioned in section eight of the act * * * of which this act is an amendment." *Held,* that an action by an alien bondholder of a railroad company to restrain the trustee in a mortgage securing the bonds from paying over to the company, in fraud of plaintiff's rights, the proceeds of the sale of land which by the mortgage was set apart to create a sinking fund for the redemption of the bonds, was within the saving clause of the act of 1887, and when the action was commenced within the district of which the trustee was an inhabitant, and in which it had the fund, an order might issue to the company, a non-resident corporation, to appear and plead, etc.

In Equity. On motion to set aside order of service of summons.

Action by Carl Pollitz against the Farmers' Loan & Trust Company, the Oregon & California Railroad Company, and others, for an injunction. The plaintiff is an alien bondholder of bonds of the railroad company bearing date July 1, 1881, and payable 40 years after date, with interest payable semi-annually. The trust company, a New York corporation, is sole trustee in a mortgage of even date with the bonds, and made by the railroad company to secure them upon all its franchises and property, including land granted by the United States. Provision was made in the mortgage for a sinking fund for the redemption of the bonds, and for this purpose the proceeds of the land sales were pledged to the trustee. A part of the proceeds realized had been used for redeeming the bonds. The trust still has in its possession, within the district of New York, over $175,000 unappropriated, and upwards of $275,000 are due from the railroad company to the sinking fund. The railroad company, in 1885, defaulted in the payment of interest on the bonds, and no further payment of interest has been made. The bill asks to restrain the trust company from paying over to the railroad company, as it threatens to do, and thus putting beyond the court's jurisdiction, the amount it has on hand. Defendant railroad company, a non-resident of the district, moves to set aside the order for service on it.

*Melville Eggleston,* for complainant.

*Chas. H. Tweed,* (*James C. Carter,* of counsel,) for the railroad company.

LACOMBE, J. The authorities cited by the complainant sustain his contention that, at least as to so much of the bill as seeks to prevent the defendants from putting out of the jurisdiction of the court the fund and property now within it, the suit is within the saving clause of section 5

of the act of 1887. Upon the argument the statement was made that service of process was made in this district upon the vice-president of the Oregon & California Railroad Company. The moving papers, however, contain no such statement, and set forth no facts tending to show that the railroad corporation was not in fact "found" within the district. The motion is therefore denied, with leave to renew.

(June 12, 1889.)

LACOMBE, J. Two applications in this suit are now pending,—one to settle the terms of an injunction order restraining the Farmers' Loan & Trust Company from paying over certain moneys; and the other to set aside an order for a substituted service of the process upon the defendant the Oregon & California Railroad Company. As to the latter motion, it was decided in the memorandum of opinion filed February 18, 1889, that, "as to so much of the bill as seeks to prevent the defendants from putting out of the jurisdiction of the court funds and property now within it, the suit is within the saving clause of section 5 of the act of 1887." Further examination of the authorities leads me to adhere to the opinion then expressed. The authorities cited by the complainant in the argument on the present motion abundantly sustain the proposition that, although the language used in the section cited is permissive in form, it is in fact peremptory. The elaborate argument, therefore, which has been presented on behalf of the defendant as an appeal to the discretion of the court, cannot properly be considered on this motion, which must be denied. The application for a preliminary injunction having been made before the real party defendant in interest was brought into the case, and no one having been heard upon such application except the complainant and the Farmers' Loan & Trust Company, which latter corporation appeared as a mere stakeholder, the terms of such order will not be settled, nor the order handed down, until the defendant the Oregon & California Railroad shall have had a reasonable opportunity to be heard in opposition.